[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case the plaintiff seeks to recover unpaid rent and the cost of repairs to commercial space leased to the defendant. The evidence discloses the following facts.
The parties entered into an oral month to month lease approximately eighteen years ago when the plaintiff purchased the premises. Prior to that time the defendant had been a tenant of the previous owner for almost fifteen years. In all, the defendant has been a tenant in the same unit for thirty two years, until he vacated in May, 1991. At that time the last agreed upon rent was $1995 per month.
On April 10, 1991 the defendant tendered a check to the plaintiff in the amount of $1115. This represented one month's rent of $1995 less $879 expended by the defendant for the rental of a dumpster. The memo on the check noted that it was in payment of May's rent. The defendant testified that under the terms of the original rental agreement with plaintiff's predecessor two months advance rent was paid, such that thereafter each payment made by the defendant was for the month in advance of the date on the check. The plaintiff insists that CT Page 2123-M the check tendered in April was for April, not May's rent.
The plaintiff refused to accept defendant's check and now sues to recover April, May and June's rent plus $4,000 he expended to clean and repair the premises. The plaintiff alleges that the walls and floors needed extensive repairs and that substantial debris had to be removed from the basement area. Resolution of these claims depends on an assessment of the credibility of the parties' which is entrusted to the sound discretion of the court. Maturo v. Gerard, 196 Conn. 584 (1985).
I. Rent
The court finds that since his tenancy began thirty two years ago the defendant paid rent one month in advance. Accordingly, he was responsible, if at all, only for May's rent, April's having been paid by virtue of the March check. Having been tendered, and having rejected May's rent, the plaintiff has waived any claim to it. Mayron's Bake Shops, Inc. v. Arrow Stores, Inc., 149 Conn. 149
(1961). Further, the court finds that the defendant properly deducted from the April check the cost of the dumpster that was rented to remove debris belonging not to the plaintiff, but to a predecessor tenant.
Finally, the defendant vacated the premises on May 31, 1991. If it held over to June 4, it was at the insistence of the plaintiff who demanded that the defendant remove shelving installed by the previous tenant. Under these circumstances the tenant is not responsible for June's rent. Therefore, the plaintiff is not entitled to recover rent for April, May or June.
II. Damages
The plaintiff seeks to recover as damages the approximately $4,000 he expended for repairs to the premises. During the defendant's thirty two year tenancy he maintained the building in excellent condition. Naturally, at the end of thirty two years the walls needed paint and the floors needed to be resurfaced. This, however, is nothing more than normal wear and tear which is the landlord's responsibility. With regard to the walls, the shelving was not installed by the defendant, but by a predecessor tenant. As such constituted a fixture; Waterbury PetroleumProducts, Inc. v. Canaan Oil Fuel Co., 193 Conn. 208 (1984); which was not the defendant's responsibility to remove. Having insisted that the defendant remove the shelving, the plaintiff CT Page 2123-N cannot now complain of incidental damage arising from its removal.
Finally, the court credits the defendant's testimony that it left the premises in broom clean condition when it vacated. The plaintiff is not entitled to any damages for repairs to the premises.
Accordingly, judgment shall enter for the defendant.
SO ORDERED.
Holzberg, J.